■ TRATAROS CONSTRUCTION, INC., Respondent, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant. [849 NYS2d 86]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 16, 2006, as denied its motion for leave to amend the answer and for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In general, "[i]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007]). Where, however, "an application for leave to amend is sought after a long delay and the case has been certified as ready for trial, 'judicial discretion in allowing such amendments should be discrete, circumspect, prudent and cautious' " (*Countrywide Funding Corp. v Reynolds*, 41 AD3d 524, 525 [2007], quoting *Clarkin v Staten Is. Univ. Hosp.*, 242 AD2d 552 [1997]). The court's exercise of discretion in determining such an application will not lightly be disturbed (*see Sewkarran v DeBellis*, 11 AD3d 445 [2004]).

Here, the Supreme Court providently exercised its discretion

in denying that branch of the defendant's motion which was for leave to amend its answer to assert defenses and counterclaims based on fraud (*see* CPLR 3025 [b]; *Sewkarran v DeBellis*, 11 AD3d 445, 445-446 [2004]). The defendant unreasonably delayed seeking to assert these defenses and counterclaims until the eve of trial despite its long-standing awareness of their availability.

After years of litigating the merits, the defendant New York City School Construction Authority (hereinafter the SCA) made its motion for leave to amend the answer on the basis of facts of which it was aware in 1999, when it secured the plaintiff's agreement to oversight by an Independent Private Sector Inspector General (hereinafter IPSIG). It expressly reserved its right to seek restitution based on fraud in the inducement stemming from any false statements made by the plaintiff on prequalification forms. The branch of the motion which was for leave to amend the answer, made six years later to accomplish the result it reserved in the IPSIG agreement, constitutes unfair surprise (*cf. G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d at 99; *Trataros Constr., Inc. v New York City Hous. Auth.*, 34 AD3d 451, 453 [2006]). Further, the SCA's litigation stance up to the point at which it sought to amend its pleading was inconsistent with the assertion of these defenses and counterclaims. Consequently, its eleventh-hour attempt to interpose them was properly rejected.

In light of our determination, we do not reach the parties' remaining contentions. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.