■ JOSEPHINE MORRIS, Appellant, v QUEENS LONG ISLAND MEDICAL GROUP, P.C., et al., Respondents, et al., Defendant. [854 NYS2d 222]—

The Supreme Court providently exercised its discretion in granting that branch of the motion of the defendants Queens Long Island Medical Group, P.C., and Neelima Phatak (hereinafter the respondents) which was to strike stated portions of the plaintiff's expert witness disclosure pursuant to CPLR 3101 (d), since the proposed testimony exceeded the bounds of the allegations in the plaintiff's bill of particulars (*see Gray v City of New York,* 33 AD3d 857, 859 [2006]; *Arguinzoni v Parkway Hosp.,* 14 AD3d 633, 634 [2005]; *Palchik v Eisenberg,* 278 AD2d 293, 294 [2000]).

The Supreme Court also providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend her bill of particulars to assert new theories of liability. Generally, "[i]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*G.K. Alan Assoc., Inc. v Lazzari,* 44 AD3d 95, 99 [2007]; *see* CPLR 3025 [b]; *Lucido v Mancuso,* 49 AD3d 220 [2008]; *Trataros Constr., Inc. v New York City School Constr. Auth.,* 46 AD3d 874 [2007]). However, where the application for leave to amend is made long after the action has been certified for trial, "judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious" (*Clarkin v Staten Is. Univ. Hosp.,* 242 AD2d 552, 552 [1997]; *Countrywide Funding Corp. v Reynolds,* 41 AD3d 524, 525 [2007]). Moreover, when, as here, leave is sought on the eve of trial, judicial discretion should be exercised sparingly (*see Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.,* 15 AD3d 523, 525 [2005]; *Rosse-Glickman v Beth Israel Med. Ctr.-Kings Hwy. Div.,* 309 AD2d 846 [2003]). Further, the court's exercise of discretion under such circumstances will not be lightly disturbed (*see Trataros Constr., Inc. v New York City School Constr. Auth.,* 46 AD3d at 874). Here, granting the plaintiff's application would have substantially prejudiced the respondents as the amendment, which was based upon facts that the plaintiff had known since the inception of

this action, sought to add new theories of liability that were not readily discernible from the allegations in the complaint and the original bill of particulars (*see Cohen v Ho,* 38 AD3d 705, 706 [2007]). In light of such prejudice, we need not address the issue of whether the proposed amendment was palpably insufficient or patently devoid of merit (*see G.K. Alan Assoc., Inc. v Lazzari,* 44 AD3d at 99; *Lucido v Mancuso,* 49 AD3d 220 [2008]; *Trataros Constr., Inc. v New York City School Constr. Auth.,* 46 AD3d 874 [2007]). Spolzino, J.P., Skelos, Lifson and McCarthy, JJ., concur.