10 N.Y.3d 941 (2008)
893 N.E.2d 133
862 N.Y.S.2d 855
G.K. ALAN ASSOC., INC., Respondent,
v.
DERVAL LAZZARI, Appellant, et al., Defendants.
Court of Appeals of the State of New York.
Argued June 5, 2008.
Decided July 1, 2008.
*942 Law Office of Vincent D. McNamara, East Norwich (Vincent D. McNamara, Anthony Marino, George R. Gridelli and Donald N. Mackenzie of counsel), for appellant.
Moss & Kalish, PLLC, New York City (Mark L. Kalish and David B. Gelfarb of counsel), for respondent.
Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

OPINION OF THE COURT
MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
Harvey and Pearl Katzenberg are sole shareholders of plaintiff G.K. Alan Assoc., Inc. (Alan), a corporation that brokered insurance for a number of companies in the commercial kitchen equipment sale and repair business (the Acme Group). On March 21, 2001, Harvey Katzenberg, then also an officer and shareholder of various Acme Group companies, sold his interest in the companies to defendant, Derval Lazzari, for $1.9 million, *943 payable over 15 years, and the assumption of a $175,000 loan obligation. That same day, Lazzari entered into an agreement with Alan whereby it (concededly, Harvey Katzenberg) would provide consulting services to the purchased companies for 15 years and Lazzari would pay Alan $25,000 per month, for a total of $4.5 million. The consulting agreement contained an acceleration clause in the event of Lazzari's sale of his interest and "required" that Katzenberg work no more than 12 days a month; Lazzari, however, waived any defenses to payment based on nonperformance.
Lazzari claims that he subsequently discovered that Alan had been submitting incorrect information about the Acme Group's payroll classifications and vehicle and equipment storage in order to lower insurance premiums, that Alan overbilled the Acme Group for insurance, and that it kept a third of the savings on premiums for itself. Relying on this alleged fraud and embezzlement, Lazzari repudiated the consulting agreement, and Alan sued for breach. Although the trial court dismissed plaintiff's claims, sustaining only defendant's counterclaims for rescission, the Appellate Division determined that triable issues of fact precluded summary judgment for either party.
We agree. Two core questionswhether the consulting agreement was, as plaintiff contends, actually intended as an additional compensation stream for the stock purchase, effectuated through a services agreement to avoid taxation, and to what extent defendant (who had worked for the Acme Group for more than a decade before purchasing the interest in issue) had knowledge of the ongoing insurance fraud or embezzlementinvolve factual issues for proper resolution at trial.
Order affirmed, etc.