■ REGINA SAMPSON et al., Respondents, v MICHAEL A. CONTILLO, Appellant, et al., Defendants. [865 NYS2d 137]—

In an action to recover damages for medical malpractice, etc., the defendant Michael A. Contillo appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered May 4, 2007, which granted the plaintiffs' motion for leave to serve an amended bill of particulars and deemed the amended bill of particulars served upon him.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiffs' motion for leave to serve an amended bill of particulars is denied.

"Generally, '[i]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit' " (*Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d 827 [2008], quoting *G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007] *affd* 10 NY3d 941 [2008]; *see* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220 [2008]; *Trataros Constr., Inc. v New York City School Constr. Auth.*, 46 AD3d 874 [2007]). "However, where the application for leave to amend is made long after the action has been certified for trial, 'judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious' " (*Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d 827, 828 [2008], quoting *Clarkin v Staten Is. Univ. Hosp.*, 242 AD2d 552 [1997]). "Moreover, when . . . leave is sought on the eve of trial, judicial discretion should be exercised sparingly" (*Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d 827 [2008]; *see Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 525 [2005]; *Rosse-Glickman v Beth Israel Med. Ctr.-Kings Hwy. Div.*, 309 AD2d 846 [2003]). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom" (*Cohen v Ho*, 38 AD3d 705, 706 [2007]).

Here, the plaintiffs moved for leave to amend their bill of particulars to include September 4, 2000 through September 6, 2000, as dates on which the defendant Michael A. Contillo committed medical malpractice. They moved for leave to amend the bill of particulars as to Contillo approximately 4½ years following the commencement of this action, almost two years after the plaintiffs first asserted that the malpractice of the defendant Mount Vernon Hospital dated back to September 2000, and less than two months prior to the date when the trial was scheduled to commence. Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion, as they failed to establish any reasonable excuse for their delay in moving for the relief sought (*see Navarette v Alexiades*, 50 AD3d 869 [2008]; *McGowan v RPC Realty Corp.*, 46 AD3d 771, 772 [2007]; *Fuentes v City of New York*, 3 AD3d 549, 550 [2004]). Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.