■ AMERICAN CLEANERS, INC., Appellant, v AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY et al., Respondents. [891 NYS2d 127]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted the motion of the defendant American International Specialty Lines Insurance Company (hereinafter American International) for summary judgment. "The four corners of an insurance agreement govern who is covered and the extent of coverage" (*Sixty Sutton Corp. v Illinois Union Ins. Co.*, 34 AD3d 386, 388 [2006]; *see Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 33 [1979], *affd* 49 NY2d 924 [1980]). Moreover, where a third party seeks the benefit of coverage, the terms of the policy must clearly evince such intent (*see Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d at 33). Here, by submitting the subject policy of insurance, which lists the defendant Konover & Associates, Inc., as the only named insured, American International demonstrated, prima facie, that the plaintiff was not entitled to a declaration of coverage. In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Likewise, the court properly granted the motion of the defendants Konover & Associates, Inc., Konover Management Corporation, and Koncal Associates Limited Partnership (here-

inafter the Konover defendants) for summary judgment. The Konover defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting a lease executed by Koncal Associates Limited Partnership, as landlord, and the plaintiff, as tenant, which did not obligate them to name the plaintiff as an additional insured. In opposition to this showing, the plaintiff failed to raise a triable issue of fact.

Furthermore, the court providently exercised its discretion in denying the plaintiff's cross motion, made on the eve of trial, for leave to amend the complaint to add causes of action sounding in breach of contract, common-law indemnification, and indemnification under the Navigation Law. "Generally, '[i]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit' " (*Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d 827, 828 [2008], quoting *G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007], *affd* 10 NY3d 941 [2008]; *see* CPLR 3025 [b]; *Sampson v Contillo*, 55 AD3d 591 [2008]; *Lucido v Mancuso*, 49 AD3d 220 [2008]; *Trataros Constr., Inc. v New York City School Constr. Auth.*, 46 AD3d 874 [2007]). "However, where the application for leave to amend is made long after the action has been certified for trial, 'judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious' " (*Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d at 828, quoting *Clarkin v Staten Is. Univ. Hosp.*, 242 AD2d 552 [1997]). "Moreover, when . . . leave is sought on the eve of trial, judicial discretion should be exercised sparingly" (*Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d at 828; *see Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 525 [2005]; *Rosse-Glickman v Beth Israel Med. Ctr.-Kings Hwy. Div.*, 309 AD2d 846 [2003]). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom" (*Cohen v Ho*, 38 AD3d 705, 706 [2007]). The Supreme Court properly weighed all of these considerations, including the plaintiff's failure to proffer a reasonable excuse for the delay, in denying the plaintiff's cross motion. Skelos, J.P., Eng, Austin and Roman, JJ., concur.