# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

271

CA 12-01177

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

BUYER'S FIRST CHOICE, INC., DOING BUSINESS
AS 2.5 % REAL ESTATE DIRECT,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

JOANNE SIMME, ALSO KNOWN AS JOANNE SIMME-GOOD,
DOING BUSINESS AS GOOD CHOICE,
DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

MICHAEL RAKOWSKI, DEPEW, FOR PLAINTIFF-APPELLANT.

WEISS & DETIG, GRAND ISLAND (NORTON T. LOWE OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Erie County Court (Thomas P. Franczyk, J.), entered October 12, 2011. The order, among other things, denied the motion of plaintiff for summary judgment.

It is hereby ORDERED that said appeal insofar as it concerns the counterclaim in the answer is unanimously dismissed and the order is affirmed without costs.

Memorandum: Plaintiff commenced the instant action seeking damages for defendant's alleged breach of her duty of loyalty to plaintiff while she was associated with plaintiff as an independent contractor/real estate broker. According to plaintiff, defendant breached her duty of loyalty to plaintiff by communicating with an individual and arranging a meeting with her to list and sell her property.

In appeal No. 1, plaintiff appeals from an order that, inter alia, denied its motion for summary judgment on the cause of action for breach of the duty of loyalty and for dismissal of the counterclaim in defendant's answer, and granted defendant leave to amend her answer. In appeal No. 2, plaintiff appeals from an order that denied its motion seeking, inter alia, to dismiss the counterclaim in the amended answer and second amended answer pursuant to CPLR 3211 (a) (7), for failure to state a cause of action.

With respect to appeal No. 1, we note at the outset that plaintiff's appeal from the order insofar as it denied that part of plaintiff's motion to dismiss the counterclaim in defendant's answer

must be dismissed.  Inasmuch as the answer in appeal No. 1 was superseded by defendant's subsequent amended answer and second amended answer, "issues involving the original [answer] are moot" (*Sutton Investing Corp. v City of Syracuse*, 12 AD3d 1201, 1201).  We otherwise affirm the order in appeal No. 1.  We conclude in particular that County Court properly denied that part of plaintiff's motion for summary judgment on the cause of action for breach of the duty of loyalty.  There is no written agreement between the parties setting forth the nature of their relationship and the scope of defendant's duties, and we conclude that there are triable issues of fact whether defendant was required to bring all leads concerning potential clients to plaintiff or whether she was to work only with plaintiff's existing clients (*see Bynog v Cipriani Group*, 1 NY3d 193, 198, *rearg denied* 2 NY3d 794; *see also G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 103, *affd* 10 NY3d 941).

We conclude in appeal No. 2 that the court properly denied that part of plaintiff's motion to dismiss the counterclaim in defendant's second amended answer.  Contrary to plaintiff's contention, the counterclaim does not fail to state a cause of action (*see generally* CPLR 3026; *Leon v Martinez*, 84 NY2d 83, 87-88).

Entered:  June 7, 2013                        Frances E. Cafarell
                                              Clerk of the Court