■ Yong Soon Oh, Appellant, v Hua Jin, Respondent. [1 NYS3d 307]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated November 8, 2013, as granted that branch of the defendant's motion which was pursuant to CPLR 3025 (b) for leave to amend the answer and, sua sponte, modified a prior order of the same court dated May 22, 2013, by deleting the provision thereof conditionally precluding the defendant from offering any evidence at trial, and substituting therefor a provision conditionally precluding the defendant from testifying at trial.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated November 8, 2013, as, sua sponte, modified a prior order of the same court dated May 22, 2013, by deleting the provision thereof conditionally precluding the defendant from offering any evidence at trial, and substituting therefor a provision conditionally precluding the defendant from testifying at trial, is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated November 8, 2013, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3025 (b) for leave to amend the answer is denied.

The plaintiff allegedly sustained personal injuries when she

slipped and fell on a sidewalk adjacent to certain property located at 15-51 215th Street in Bayside, Queens. The plaintiff commenced this action in January 2011, alleging that the defendant was the owner of the subject property and that his negligence caused her injuries. In his answer, the defendant admitted ownership of the subject property.

The defendant repeatedly failed to appear for his court-ordered depositions. After the plaintiff filed a note of issue at the direction of the Supreme Court, she moved to strike the defendant's answer pursuant to CPLR 3126. In an order dated May 22, 2013, the Supreme Court granted the plaintiff's motion to the extent of directing that the defendant would be precluded from offering any evidence at trial if he failed to appear for a deposition within 30 days after service of the order.

The defendant failed to appear for a deposition within 30 days after being served with a copy of the order dated May 22, 2013. By notice dated July 2, 2013, the defendant moved, inter alia, pursuant to CPLR 3025 (b) for leave to amend his answer so that he could deny ownership of the subject property. The Supreme Court granted that branch of the defendant's motion and, sua sponte, modified the order dated May 22, 2013, by deleting the provision conditionally precluding the defendant from offering any evidence at trial, and substituting a provision conditionally precluding the defendant from testifying at trial.

"A party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties" (CPLR 3025 [b]). "Leave shall be freely given upon such terms as may be just including the granting of costs and continuances" (CPLR 3025 [b]).

While leave to amend a pleading shall be freely granted (see CPLR 3025 [b]), a motion for leave to amend is committed to the broad discretion of the court (see Ravnikar v Skyline Credit-Ride, Inc., 79 AD3d 1118, 1119 [2010]). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered" (Cohen v Ho, 38 AD3d 705, 706 [2007]; see American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co., 68 AD3d 792, 794 [2009]). Generally, in the absence of prejudice or surprise to the opposing party, leave to amend pleadings should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see Rodgers v New York City Tr. Auth., 109 AD3d 535, 537 [2013]; Schwartz v Sayah, 83 AD3d 926, 926 [2011]).

"However, where the application for leave to amend is made

long after the action has been certified for trial, 'judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious' " (*Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d 827, 828 [2008], quoting *Clarkin v Staten Is. Univ. Hosp.*, 242 AD2d 552, 552 [1997]; *see Alrose Oceanside, LLC v Mueller*, 81 AD3d 574, 575 [2011]; *Countrywide Funding Corp. v Reynolds*, 41 AD3d 524, 525 [2007]). "Moreover, when . . . leave is sought on the eve of trial, judicial discretion should be exercised sparingly" (*Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d at 828; *see Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 525 [2005]).

Under the circumstances of this case, including the fact that the defendant admitted in his answer that he owned the subject property and maintained this position until after the note of issue had been filed, as well as the lateness of his request for leave to amend, the prejudice and surprise to the plaintiff, and the lack of any reasonable excuse for the delay, the Supreme Court improvidently exercised its discretion in granting that branch of the defendant's motion which was pursuant to CPLR 3025 (b) for leave to amend his answer (*see Rodgers v New York City Tr. Auth.*, 109 AD3d at 537; *Sampson v Contillo*, 55 AD3d 591, 592 [2008]; *see also American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co.*, 68 AD3d at 794; *Navarette v Alexiades*, 50 AD3d 869, 871 [2008]; *Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d at 828).

Furthermore, the Supreme Court improvidently exercised its discretion in, sua sponte, modifying the order dated May 22, 2013, by deleting the provision thereof conditionally precluding the defendant from offering any evidence at trial, and substituting therefor a provision conditionally precluding the defendant from testifying at trial. The defendant repeatedly failed to comply with discovery orders over an extended period of time, and his attorneys' claim that they were unable to locate him to ensure that he appeared at the depositions was inadequate to excuse his conduct (*see Stone v Zinoukhova*, 119 AD3d 928, 930 [2014]; *Carabello v Luna*, 49 AD3d 679, 680 [2008]; *Maignan v Nahar*, 37 AD3d 557, 557 [2007]). In light of the defendant's willful and contumacious conduct, it was appropriate to preclude the defendant from offering any evidence at trial, and the court should not have modified its prior order so as to permit the defendant to present certain evidence at trial (*cf. Stone v Zinoukhova*, 119 AD3d at 930; *Carabello v Luna*, 49 AD3d at 680; *Maignan v Nahar*, 37 AD3d at 557).

The plaintiff's remaining contention is not properly before this Court. Rivera, J.P., Skelos, Roman and Miller, JJ., concur.