■ Civil Service Employees Association, A.F.S.C.M.E., Local 1000, A.F.L.-C.I.O., by its Local 830, on Behalf of Richard Kramer, et al., Appellants, v County of Nassau, Respondent. [43 NYS3d 390]—

In an action, inter alia, to recover damages for breach of a collective bargaining agreement, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Murphy, J.), entered April 30, 2014, which granted the defendant's motion for leave to amend its answer to assert the statute of limitations as a defense and for summary judgment dismissing the complaint as time-barred.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendant's motion for leave to amend its answer to assert the statute of limitations as a defense and for summary judgment dismissing the complaint as time-barred is denied.

The plaintiff Richard Kramer is a member of the plaintiff Civil Service Employees Association, A.F.S.C.M.E., Local 1000, A.F.L.-C.I.O., by its Local 830 (hereinafter the CSEA), and is employed by the defendant County of Nassau as a Civil Engineer II in the County's Department of Public Works. By summons and complaint filed January 2, 2008, they commenced this action against the County alleging, inter alia, breach of contract. They alleged that the County violated Kramer's rights under a collective bargaining agreement between the CSEA and the County when it promoted a county employee other than Kramer to the position of Superintendent of Buildings for the Division of Sanitation and Water Supply. In February 2014, after discovery had been completed, the

matter had been certified ready for trial, and the note of issue filed, the County moved for leave to amend its answer to assert the statute of limitations as a defense and for summary judgment dismissing the complaint as time-barred. The plaintiffs opposed the motion, arguing that they had been prejudiced by the County's delay in seeking leave. The Supreme Court granted the County's motion, and the plaintiffs appeal.

The County waived a defense based on the statute of limitations by not raising that defense in its answer (*see* CPLR 3211 [e]; *Deutsche Bank Trust Co. Ams. v Cox*, 110 AD3d 760, 762 [2013]). Nevertheless, defenses waived under CPLR 3211 (e) can be interposed in an answer amended by leave of the court pursuant to CPLR 3025 (b) (*see Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186, 1187 [2015]; *Onewest, F.S.B. v Goddard*, 131 AD3d 1028, 1029 [2015]). " 'In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit' " (*Calamari v Panos*, 131 AD3d 1088, 1089 [2015], quoting *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). " 'A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed' " (*Krigsman v Cyngiel*, 130 AD3d 786, 786 [2015], quoting *Gitlin v Chirinkin*, 60 AD3d 901, 902 [2009]; *see Murray v City of New York*, 43 NY2d 400, 405 [1977]). " 'In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered' " (*Yong Soon Oh v Hua Jin*, 124 AD3d 639, 640 [2015], quoting *Cohen v Ho*, 38 AD3d 705, 706 [2007]; *see Pellegrino v New York City Tr. Auth.*, 177 AD2d 554 [1991]). " '[W]here the application for leave to amend is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious' " (*Yong Soon Oh v Hua Jin*, 124 AD3d at 640-641 [internal quotation marks omitted], quoting *Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d 827, 828 [2008]).

We agree with the plaintiffs that the Supreme Court improvidently exercised its discretion in granting the County's motion for leave to amend its answer to assert the statute of limitations as a defense and for summary judgment dismissing the complaint as time-barred (*see Yong Soon Oh v Hua Jin*, 124 AD3d at 641). The County's motion was not made until approximately six years after service of its answer, after the par-

ties had completed discovery, and after the note of issue had been filed. Under these circumstances, the plaintiffs have suffered significant prejudice from the County's delay in asserting the statute of limitations as a defense (*see Cseh v New York City Tr. Auth.*, 240 AD2d 270 [1997]; *Cameron v 1199 Hous. Corp.*, 208 AD2d 454 [1994]; *Fulford v Baker Perkins, Inc.*, 100 AD2d 861 [1984]; cf. *Garafola v Wing Inc. Specialty Trades*, 139 AD3d 793 [2016]). Moreover, the facts set forth by the County in support of the proposed defense were known to the County at the time that it served its answer, and no excuse has been offered for the delay (*see Cseh v New York City Tr. Auth.*, 240 AD2d at 272; cf. *Board of Educ. of Sachem Cent. School Dist. v Donohue Assoc.*, 298 AD2d 482 [2002]). Accordingly, the court should have denied the County's motion for leave to amend its answer to assert the statute of limitations as a defense and for summary judgment dismissing the complaint as time-barred. Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.