Ultimate Health Products, Inc., as Assignee of Jean, Antoine, Appellant, 
against
Ameriprise Auto & Home, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered June 9, 2014. The order, insofar as appealed from, denied plaintiff's motion for summary judgment and granted the branches of defendant's cross motion seeking leave to amend defendant's answer to assert that the action is barred by the doctrine of res judicata, and summary judgment dismissing the complaint on that ground.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, the branches of defendant's cross motion seeking leave to amend defendant's answer to assert that the action is barred by the doctrine of res judicata, and summary judgment dismissing the complaint on that ground are denied, and the matter is remitted to the Civil Court for a new determination of plaintiff's motion for summary judgment and for a determination of the remaining branches of defendant's cross motion.
In this action by Ultimate Health Products, Inc. (Ultimate), a provider, to recover assigned first-party no-fault benefits for supplies furnished to its assignor, who had allegedly sustained injuries in a motor vehicle accident on October 15, 2010, the record indicates that, on May 12, 2011, defendant Ameriprise Auto & Home (Ameriprise) commenced a declaratory judgment action in Supreme Court, Kings County, against Ultimate and a number of other providers, as well as against Ultimate's assignor. On May 31, 2012, a default judgment was entered in the Supreme Court against Ultimate's assignor and the other providers declaring that Ameriprise was not obligated to provide insurance coverage to Ultimate's assignor and the other providers on the ground that the alleged October 15, 2010 motor vehicle accident was not a "covered event," but rather was "a staged and/or intentional incident," and that Ameriprise was not required to pay any amounts arising out of any current or future proceedings, including suits seeking to recover no-fault benefits arising out of the alleged motor vehicle accident. Although Ultimate had been named as a defendant in the declaratory judgment action, the default declaratory judgment did not award Ameriprise a declaratory judgment against Ultimate.
On April 3, 2012, prior to the entry of the judgment in the declaratory judgment action, Ultimate commenced this action in the Civil Court. Issue was joined in April 2012. Thereafter, in October 2013, Ultimate moved for summary judgment, and Ameriprise cross-moved for leave to amend its answer to assert that the action is barred by the doctrine of res judicata, in light of the declaratory judgment entered on May 31, 2012, for summary judgment dismissing the complaint on that ground, for leave to further amend the answer to assert that the action is barred because Ultimate had previously elected to arbitrate claims arising from the October 15, 2010 accident, for summary judgment dismissing the complaint on that ground, and for sanctions. Ultimate appeals from so much of an order of the Civil Court entered June 9, 2014 as denied its motion for summary judgment and granted the branches of Ameriprise's cross motion seeking leave to amend the answer to assert that the action is barred by the doctrine of res judicata, and summary judgment dismissing the complaint on that ground.
" Generally, [i]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit' (G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d 95, 99 [2007]; see CPLR 3025 [b]; Lucido v Mancuso, 49 AD3d 220 [2008]; Trataros Constr., Inc. v New York City School Constr. Auth., 46 AD3d 874 [2007])" (Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828 [2008]). In the instant case, since Ultimate's assignor executed the assignment of benefits in favor of Ultimate more than three months prior to the commencement of the declaratory judgment action and the Supreme Court did not award Ameriprise a declaratory judgment against Ultimate, the branch of Ameriprise's cross motion seeking leave to amend the answer to assert that the action is barred by the doctrine of res judicata should have been denied, as the proposed amendment is patently devoid of merit (see Morris, 49 AD3d at 828; Eagle Surgical Supply, Inc. v AIG Ins. Co., 40 Misc 3d 139[A], 2013 NY Slip Op 51449[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). As a result, the branch of Ameriprise's cross motion seeking summary judgment dismissing the complaint based on the doctrine of res judicata should also have been denied.
Since Ameriprise is not entitled to summary judgment dismissing the complaint on the ground of res judicata, and it appears that the Civil Court denied Ultimate's motion for summary judgment as moot, so much of the order as denied Ultimate's motion for summary judgment should be vacated. We further note that the Civil Court did not decide the branches of Ameriprise's cross motion seeking leave to amend the answer to assert that the action is barred because Ultimate had previously elected to arbitrate claims arising from the October 15, 2010 accident, and summary judgment dismissing the complaint on that ground. Consequently, the matter is remitted to the Civil Court for a new determination of Ultimate's motion and a determination of the remaining branches of Ameriprise's cross motion.
Accordingly, the order, insofar as appealed from, is reversed, the branches of Ameriprise's cross motion seeking leave to amend the answer to assert that the action is barred by the doctrine of res judicata, and summary judgment dismissing the complaint on that ground are denied, and the matter is remitted to the Civil Court for a new determination of Ultimate's motion for summary judgment and for a determination of the remaining branches of Ameriprise's cross motion.
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 14, 2017