Morales v 1415, LLC (2019 NY Slip Op 02701)





Morales v 1415, LLC


2019 NY Slip Op 02701


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2016-10049
 (Index No. 145/14)

[*1]Jorge Morales, appellant, 
v
1415, LLC, defendant third-party plaintiff-respondent; Park Developers and Builders, Inc., third-party defendant-respondent.


Oshman & Mirisola, LLP, New York, NY (David L. Kremen of counsel), for appellant.
Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz of counsel), for defendant third-party plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered August 22, 2016. The order, insofar as appealed from, (1) denied the third-party defendant's motion to dismiss the third-party complaint or, in the alternative, to sever the third-party action, (2) denied, with leave to renew, the plaintiff's cross motion for summary judgment on the issue of liability on the causes of action alleging common-law negligence and a violation of Labor Law § 240(1), (3) granted that branch of the defendant third-party plaintiff's cross motion which was for leave to serve a second amended answer, and (4), sua sponte, granted a stay of the trial of the action.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, granted a stay of the trial of the action is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the appeal from so much of the order as denied the third-party defendant's motion to dismiss the third-party complaint or, in the alternative, to sever the third-party action is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the defendant third-party plaintiff's cross motion which was for leave to assert as an affirmative defense that Labor Law §§ 240(1) and 241(6) do not apply to one- or two-family homes, and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof granting a stay of the trial of the action; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant third-party plaintiff.
The plaintiff commenced this action to recover damages for personal injuries he [*2]allegedly sustained in a construction-related accident, when he fell from a ladder while working eight feet above the ground. The plaintiff alleged, inter alia, common-law negligence and a violation of Labor Law § 240(1) against 1415, LLC (hereinafter the defendant), as owner of the premises. The defendant commenced a third-party action against the plaintiff's employer, Park Developers and Builders, Inc. (hereinafter the third-party defendant)
The complaint alleged that the premises was a three-family dwelling. During the course of the litigation, the attorneys for the plaintiff and the defendant executed a stipulation in which the defendant waived the affirmative defense that the premises was a one or two-family dwelling exempt from the requirements of Labor Law §§ 240(1) and 241(6).
The third-party defendant moved to dismiss the third-party complaint or, in the alternative, to sever the third-party action. The plaintiff cross-moved for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 240(1) and common-law negligence. The plaintiff premised his cross motion on the defendant's admissions to the material allegations of the complaint contained in the defendant's amended answer filed in 2014 (hereinafter the first amended answer), shortly after the action was commenced. The defendant cross-moved, among other things, for leave to serve a second amended answer on the ground that the first amended answer "had portions of an answer from another case mistakenly interposed with answer for this case" and erroneously admitted that the defendant was negligent in causing the plaintiff's injuries and that the defendant "controlled and supervised the construction in which the [p]laintiff was injured." The defendant also asserted that the stipulation waiving the affirmative defense for one- and two-family homes was entered into in error and the premises is in fact a two-family home.
In opposition to the plaintiff's cross motion for summary judgment, the defendant submitted the plaintiff's deposition testimony, indicating that the cause of the accident may have been the positioning of the ladder on a floor which "was bad" because "[t]here were a lot of loose pebbles" on the floor (see Yao Zong Wu v Zhen Jia Yang, 161 AD3d 813; Scofield v Avante Contr. Corp., 135 AD3d 929, 930).
The order appealed from, inter alia, denied, with leave to renew, the plaintiff's cross motion for summary judgment and granted that branch of the defendant's cross motion which was for leave to serve a second amended answer. The second amended answer asserted as a fifth affirmative defense that the provisions of Labor Law §§ 240(1) and 241(6) do not apply to one- or two-family homes. We modify.
" In the absence of prejudice or surprise resulting directly from the delay in seeking leave,'" applications for leave to amend a pleading " are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Calamari v Panos, 131 AD3d 1088, 1089, quoting Lucido v Mancuso, 49 AD3d 220, 222). " A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed'" (Krigsman v Cyngiel, 130 AD3d 786, 786, quoting Gitlin v Chirinkin, 60 AD3d 901, 902; see Murray v City of New York, 43 NY2d 400, 405). " In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered'" (Yong Soon Oh v Hua Jin, 124 AD3d 639, 640, quoting Cohen v Ho, 38 AD3d 705, 706). " [W]here the application for leave to amend is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious'" (Yong Soon Oh v Hua Jin, 124 AD3d at 640-641, quoting Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828 [internal quotation marks omitted]).
Here, the defendant's motion was not made until after the parties had completed discovery and the note of issue had been filed. However, it is apparent that many of the errors the defendant made in the first amended answer were evident to the plaintiff, who was not prejudiced by granting the defendant leave to serve a second amended answer to correct those obvious errors. However, the defendant did not seek, and was not granted, vacatur of the stipulation waiving the affirmative defense for one- or two-family homes. Since the Supreme Court did not set aside the stipulation, the proposed amendment to assert the affirmative defense for one- or two-family homes [*3]contravenes the stipulation and was palpably improper. Further, to add this affirmative defense after discovery was completed was clearly prejudicial. Accordingly, we modify the order by deleting the provision thereof granting that branch of the defendant's cross motion which was for leave to assert as an affirmative defense that Labor Law §§ 240(1) and 241(6) do not apply to one- or two-family homes, and substituting therefor a provision denying that branch of the cross motion, and striking the fifth affirmative defense of the second amended answer.
We are precluded from reviewing the plaintiff's contention that the Supreme Court should have granted the third-party defendant's motion to sever the third-party action. While the plaintiff supported that motion in the Supreme Court, the plaintiff did not formally join in that motion. Therefore, the plaintiff's appeal from that portion of the order must be dismissed.
The Supreme Court improvidently exercised its discretion in sua sponte granting a stay of the trial.
The plaintiff's remaining contentions are without merit or need not be addressed in light of our determination.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court