Alter v Quality Choice Healthcare, Inc. (2020 NY Slip Op 03210)





Alter v Quality Choice Healthcare, Inc.


2020 NY Slip Op 03210


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-07004
 (Index No. 52488/17)

[*1]Mark Alter, respondent, 
v
Quality Choice Healthcare, Inc., etc., defendant, Kathy Rudolph Petrino, appellant.


Harris Beach PLLC, White Plains, NY (Darius P. Chafizadeh, Christopher H. Feldman, and Kelly S. Foss of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Timothy P. Coon of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover the proceeds of a loan, the defendant Kathy Rudolph Petrino appeals from an order of the Supreme Court, Westchester County (Nicholas Colabella, J.H.O.), dated June 18, 2019. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3025(b) for leave to amend the amended answer to assert additional counterclaims on behalf of the defendant Kathy Rudolph Petrino.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2017, the plaintiff commenced this action against the defendants, Quality Choice Healthcare, Inc., and Kathy Rudolph Petrino, inter alia, to recover the proceeds of a loan. The defendants answered the complaint and, in May 2017, served an amended answer asserting several affirmative defenses and two counterclaims on behalf of Petrino sounding in equitable estoppel and fraud. In May 2018, after the completion of discovery, the plaintiff filed a note of issue. Insofar as relevant to this appeal, less than a month before trial was scheduled to commence on April 29, 2019, the defendants moved by order to show cause, inter alia, for leave to amend the amended answer to assert five additional counterclaims on behalf of Petrino. The Supreme Court denied that branch of the defendants' motion, and this appeal ensued.
"A party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). "While leave to amend a pleading shall be freely granted, a motion for leave to amend is committed to the broad discretion of the court" (Yong Soon Oh v Hua Jin, 124 AD3d 639, 640 [citation omitted]). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered" (Cohen v Ho, 38 AD3d 705, 706). Generally, "[i]n the absence of prejudice or surprise resulting from the delay in seeking leave, applications for leave to amend a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Morales v 1415, LLC, 171 AD3d 913, 915 [internal quotation marks omitted]; Lucido v Mancuso, 49 AD3d 220, 222). "However, where the application for leave to amend is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious'" (Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828, quoting Clarkin v Staten Is. Univ. [*2]Hosp., 242 AD2d 552, 552). "Moreover, when . . . leave is sought on the eve of trial, judicial discretion should be exercised sparingly" (Morris Queens Long Is. Med. Group, P.C., 49 AD3d at 828).
Here, under the circumstances of this case, including that the defendants were aware of the facts upon which the proposed counterclaims were based since the inception of the action, the lateness of the defendants' request for leave to amend, and the lack of any reasonable excuse for the delay, we discern no basis to disturb the Supreme Court's determination to deny that branch of the defendants' motion which was pursuant to CPLR 3025(b) for leave to amend the amended answer to assert additional counterclaims on behalf of Petrino (see Morand v Farmers New Century Ins. Co., 171 AD3d 1167, 1168; Yong Soon Oh v Hua Jin, 124 AD3d at 641; T & V Constr., Inc. v Calapai, 90 AD3d 908, 909; American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co., 68 AD3d 792, 794). Accordingly, we affirm.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court