Glaubach v Slifkin (2021 NY Slip Op 05324)





Glaubach v Slifkin


2021 NY Slip Op 05324


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-08677
 (Index No. 702987/15)

[*1]Felix Glaubach, etc., appellant, 
v
David Slifkin, et al., respondents, et al., defendants.


Tashlik Goldwyn Levy LLP, Great Neck, NY (Jeffrey N. Levy of counsel), for appellant.
Morrison Cohen LLP, New York, NY (Y. David Scharf, Howard S. Wolfson, and Terence K. McLaughlin of counsel), for respondents David Slifkin and Trudy Balk.
Sweeney, Reich & Bolz, LLP, Lake Success, NY (Michael H. Reich of counsel), for respondents Jack Bilancia, Anthony Castiglione, Nancy Roa, and Josephine DiMaggio.
Moses & Singer LLP, New York, NY (Philippe Zimmerman and Shari Alexander of counsel), for respondent John L. Miscione.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Jonathan C. Sullivan of counsel), for respondents Personal Touch Holding Corp., PT Intermediate Holding, Inc., and Personal Touch Home Care of N.Y., Inc.



DECISION & ORDER
In a shareholder's derivative action, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered June 10, 2019. The order, insofar as appealed from, denied the plaintiff's motion for leave to file a second amended complaint and to amend the caption.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs
to the respondents appearing separately and filing separate briefs.
The instant shareholder's derivative action was commenced in 2015 by the plaintiff alleging, inter alia, corporate waste and breach of fiduciary duty associated with the mischaracterization of bonus payments paid by Personal Touch Holding Corp. (hereinafter the corporation) as educational expenses. An amended complaint with substantially similar causes of action was filed in 2016. In 2019, the plaintiff moved, among other things, for leave to file a second amended complaint, adding, inter alia, causes of action alleging defamation related to statements made by some defendants that he was blackmailing the defendant David Slifkin and tortious interference with the plaintiff's employment contract with the corporation resulting in the termination of his employment. The Supreme Court, among other things, denied the motion. The plaintiff appeals.
Generally, in the absence of prejudice or surprise to the opposing party, leave to [*2]amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827; Trataros Constr., Inc. v New York City School Constr. Auth., 46 AD3d 874; G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d 95, 99, affd 10 NY3d 941). The Supreme Court correctly determined that there was a lengthy delay in seeking the amendment which would result in prejudice to the defendants. Additionally, the defamation and tortious interference causes of action are time-barred and thus palpably insufficient (see Calamari v Panos, 131 AD3d 1088, 1091; Hustedt Chevrolet, Inc. v Jones, Little & Co., 129 AD3d 669).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.

2019-08677 DECISION & ORDER ON MOTION
Felix Glaubach, etc., appellant, v David Slifkin,
et al., respondents, et al., defendants.
(Index No. 702987/15)

Motion by the respondents Jack Bilancia, Anthony Castiglione, Nancy Roa, and Josephine DiMaggio, inter alia, to dismiss an appeal from an order of the Supreme Court, Queens County, entered June 10, 2019, on the ground that it has been rendered academic. By decision and order on motion of this Court dated December 23, 2020, that branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that the appeal has been rendered academic is denied.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court