Migdal v MNT Props., LLC (2022 NY Slip Op 04019)

Migdal v MNT Props., LLC

2022 NY Slip Op 04019

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-00010
 (Index No. 7312/14)

[*1]Misha Migdal, respondent, 
v
MNT Properties, LLC, defendant, Freeman Howard, P.C., appellant.

Freeman Howard, P.C., Hudson, NY (Paul M. Freeman of counsel), appellant pro se.
Brian P. Hickey, Jr., P.C., Huntington, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Freeman Howard, P.C., appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered October 30, 2018. The order granted the plaintiff's motion for leave to amend the complaint to assert two additional causes of action against the defendant Freeman Howard, P.C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion for leave to amend the complaint is denied.
In July 2014, the plaintiff commenced this action alleging, inter alia, breach of contract and fraud as against the defendant MNT Properties, LLC (hereinafter MNT Properties), arising out of an agreement between the plaintiff and MNT Properties for the purchase and sale of commercial real estate in Mineola. The plaintiff also sought return of the down payment that was in an escrow account held by the defendant Freeman Howard, P.C. (hereinafter Freeman Howard), the former counsel of MNT Properties. In April 2016, the plaintiff filed a note of issue certifying the case as ready for trial as discovery had been completed. Two years later, in May 2018, the plaintiff moved for leave to amend the complaint to add causes of action as against Freeman Howard alleging fraud and tortious interference with contract, designated, respectively, as the seventh and eighth causes of action. In an order entered October 30, 2018, the Supreme Court granted the plaintiff's motion. Freeman Howard appeals.
"Where [an] application for leave to amend is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious" (Tabak v Shaw Indus., Inc., 149 AD3d 1132, 1133; see Yong Soon Oh v Hua Jin, 124 AD3d 639, 640-641). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated and whether a reasonable excuse for the delay was offered" (Yong Soon Oh v Hua Jin, 124 AD3d at 640 [internal quotation marks and alterations omitted]). Moreover, when leave is sought on the eve of trial, "'judicial discretion should be exercised sparingly'" (id. at 641, quoting Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828).
Under the circumstances of this case, the Supreme Court improvidently exercised its [*2]discretion in granting the plaintiff's motion for leave to amend. The plaintiff filed its motion approximately two years after it filed a note of issue certifying the case as trial ready, more than two years after the conclusion of discovery, and almost four years after the action was commenced, without offering any excuse for its delay in doing so (see Yong Soon Oh v Hua Jin, 124 AD3d at 640; see also Morand v Farmers New Century Ins. Co., 171 AD3d 1167, 1168). Contrary to the plaintiff's contention, the fact that he ascertained in discovery that Freeman Howard had retained the environmental consultant for MNT Properties is insufficient to explain the more than two-year delay thereafter before he moved for leave to amend his pleading (see generally Morand v Farmers New Century Ins. Co., 171 AD3d at 1168). Moreover, contrary to the court's determination, Freeman Howard demonstrated that it would suffer undue prejudice in that discovery would have to be reopened (see Civil Serv. Empls. Assn. v County of Nassau, 144 AD3d 1075, 1077; Wells Fargo, N.A. v Morgan, 139 AD3d 1046, 1047).
In light of the unexplained delay and ensuing prejudice, we need not address whether the proposed amendment was palpably insufficient or patently devoid of merit (see Morris v Queens Long Is. Med. Group., P.C., 49 AD3d at 829).
DUFFY, J.P., ROMAN, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court