Castaldi v Castle Restoration, LLC (2022 NY Slip Op 04621)

Castaldi v Castle Restoration, LLC

2022 NY Slip Op 04621

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2020-05015
 (Index No. 605585/15)

[*1]Robert P. Castaldi, appellant, 
v
Castle Restoration, LLC, et al., respondents.

Forchelli Deegan Terrana LLP, Uniondale, NY (David A. Loglisci of counsel), for appellant.
Law Office of Matthew F. Didora, P.C., Garden City, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated June 12, 2020. The order denied the plaintiff's motion for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of a consulting agreement he entered into with the defendant Castle Restoration, LLC (hereinafter Castle). Pursuant to the agreement, the plaintiff was to receive a commission for contracts and purchase orders entered into by Castle and certain other entities named in an annexed "Prior Dealings" list. The plaintiff alleged that Castle breached the agreement by failing to pay to him commissions that he was due under the agreement. The plaintiff also sought to hold the defendants Sato Construction Co., Inc. (hereinafter Sato), and Anthony Colao, allegedly the sole shareholder of Castle and Sato, liable for the contractual obligations of Castle under an alter ego theory.
The action was certified ready for trial on April 8, 2019. In an order dated January 22, 2020, the Supreme Court granted in part and denied in part the defendants' motion for summary judgment dismissing the complaint and the plaintiff's cross motion for summary judgment on the breach of contract cause of action.
Subsequently, the plaintiff moved for leave to amend the complaint. The plaintiff sought, among other things, to assert an amended cause of action alleging that Castle is directly liable for its failure to pay the plaintiff commissions for contracts between Sato and entities on the "Prior Dealings" list. The plaintiff also sought to assert several new causes of action pursuant to Debtor and Creditor Law article 10, alleging that the transfer of contracts and purchase orders from Castle to Sato constituted fraudulent conveyances within the meaning of that article. The Supreme Court denied the motion, and the plaintiff appeals.
Pursuant to CPLR 3025(b), leave to amend a pleading "shall be freely given." Courts should grant leave to amend "[i]n the absence of prejudice or surprise resulting directly from the delay in seeking leave . . . unless the proposed amendment is palpably insufficient or patently devoid [*2]of merit" (Lucido v Mancuso, 49 AD3d 220, 222; see Matter of State of New York v Christian R., 200 AD3d 1046, 1047; Brannigan v Christie Overhead Door, 149 AD3d 892).
"'[W]here the application for leave to amend is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious'" (Yong Soon Oh v Hua Jin, 124 AD3d 639, 640-641, quoting Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828 [internal quotation marks omitted]; see Civil Serv. Empls. Assn. v County of Nassau, 144 AD3d 1077, 1078). "'In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered'" (Yong Soon Oh v Hua Jin, 124 AD3d at 640, quoting Cohen v Ho, 38 AD3d 705, 706).
Here, the Supreme Court did not improvidently exercise its discretion in essentially finding that the amendment of the complaint would be inherently prejudicial, and that the plaintiff set forth no reasonable excuse for the delay in seeking the amendment. Accordingly, the court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to amend the complaint (see Alter v Quality Choice Healthcare, Inc., 184 AD3d 612, 613; Yong Soon Oh v Hua Jin, 124 AD3d at 640-641; Morris v Queens Long Is. Med. Group, P.C., 49 AD3d at 828).
DUFFY, J.P., ROMAN, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court