Rice-Tamsen v Tamsen (2023 NY Slip Op 01110)

Rice-Tamsen v Tamsen

2023 NY Slip Op 01110

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-13961
2021-01130
 (Index No. 3493/16)

[*1]Julienne Rice-Tamsen, appellant,
v
Peter D. Tamsen, respondent.

Anthony A. Capetola, Williston Park, NY (Robert P. Johnson of counsel), for appellant.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), entered October 10, 2019, and (2) a judgment of divorce of the same court entered December 7, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to set aside the parties' separation agreement and for leave to amend the complaint. The judgment of divorce, insofar as appealed from, awarded equitable distribution and failed to award maintenance to the plaintiff.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The parties were married on August 13, 1994, and entered into a separation agreement on December 31, 1995. The parties reconciled several years later. In April 2016, the plaintiff commenced this action for a divorce and ancillary relief. In or around August 2019, the plaintiff moved, inter alia, to set aside the separation agreement and for leave to amend the complaint. By order entered October 10, 2019, the Supreme Court, among other things, denied those branches of the plaintiff's motion. A judgment of divorce was entered on December 7, 2020. The plaintiff appeals, and we affirm.
The Supreme Court did not improvidently exercise its discretion in denying that [*2]branch of the plaintiff's motion which was for leave to amend the complaint. "Motions pursuant to CPLR 3025(b) for leave to amend a pleading are addressed to the sound discretion of the court" (Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 199 AD3d 777, 779). "Leave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and any claimed delay in seeking the amendment does not prejudice or surprise the opposing party" (American Bldrs. & Contrs. Supply Co., Inc. v US Allegro, Inc., 177 AD3d 836, 838). However, "when . . . leave is sought on the eve of trial, judicial discretion should be exercised sparingly" (Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828). "In exercising its discretion, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom" (Haller v Lopane, 305 AD2d 370, 371). Here, the plaintiff offered no excuse for her delay in requesting leave to amend, and, contrary to her contention, the defendant would suffer prejudice from an order granting leave for the plaintiff to amend the complaint on the eve of trial (see Migdal v MNT Props., LLC, 206 AD3d 903, 905).
The plaintiff's remaining contentions are either not properly before this Court or without merit.
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court