■ In the Matter of the Estate of FRANCES CAGNEY, Deceased. CASEY A. CAGNEY et al., Appellants-Respondents; MARGUERITE J. ZIMMERMANN et al., Respondents-Appellants. [740 NYS2d 448] —In a proceeding pursuant to SCPA 2102 to compel the payment of certain legacies, the petitioners Casey A. Cagney and Jonathan J. Cagney appeal from so much of an order of the Surrogate's Court, Dutchess County (Pagones, S.), dated January 9, 2001, as granted the motion of Marguerite J. Zimmerman, Donald Zimmerman, and Andre E. Moglia for summary judgment dismissing the petition, and denied that branch of the petitioners' cross motion which was for summary judgment directing the payment of the legacies with interest, and Marguerite J. Zimmerman, Donald Zimmerman, and Andre E. Moglia cross-appeal from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that Marguerite J. Zimmerman, Donald Zimmerman, and Andre E. Moglia are awarded one bill of costs.

The petitioners Casey A. Cagney and Jonathan J. Cagney commenced this proceeding to compel the payment of legacies bequeathed to them in the last will and testament of their grandmother, the decedent Frances Cagney. In the order appealed from, the Surrogate, inter alia, granted a motion by Marguerite J. Zimmerman, Donald Zimmerman, and Andre E. Moglia for summary judgment dismissing the proceeding on the ground that the petitioners, by engaging in various litigation concerning the will and their right to challenge it, violated the in terrorem clause of the will and forfeited their legacies thereunder. We affirm the order insofar as appealed from.

In settlement of proceedings by the petitioners herein concerning the last will and testament of their grandfather— the decedent's husband, the noted actor James Cagney—the

petitioners agreed to accept a share of a trust in exchange for not challenging that will and forfeiting their right to challenge the will of the decedent (*see Matter of Cagney,* 232 AD2d 481). The decedent, who funded the trust, made express reference to this settlement in the in terrorem clause at issue. In light of this settlement, we agree with the Surrogate that, viewing the totality of the conduct by the petitioners herein, it may be determined as a matter of law that they violated the in terrorem clause of the will and, consequently, forfeited their legacies thereunder (*see Matter of Ellis,* 252 AD2d 118).

The petitioners' remaining contentions are either not properly before this Court (*see Matter of Liberty Mut. Ins. Co. v Sabella,* 282 AD2d 535; *Tibodeau v Abrahams,* 260 AD2d 367) or without merit. Ritter, J.P., Smith, Friedmann and Cozier, JJ., concur.