■■ Natalia C. Oakes, Individually and as Successor Trustee of the Herbert C. Oakes Living Trust, as Assignee of Herbert C. Oakes Jr. and Bailie V. Oakes, and as Guardian of Leopold V. Oakes, an Infant, Respondent, v Betty O. Muka, Appellant. [818 NYS2d 647]—

Peters, J. Appeals (1) from an order of the Supreme Court (Sherman, J.), entered March 28, 2005 in Tompkins County, which denied defendant's motion to dismiss the complaint, and (2) from an order of said court, entered April 7, 2005 in Tompkins County, which, inter alia, denied defendant's motion for recusal.

In October 1994, Herbert C. Oakes (hereinafter decedent) created the Herbert C. Oakes Living Trust (hereinafter the trust), naming himself as the initial trustee and his sons, Bailie V. Oakes and Herbert C. Oakes Jr., as beneficiaries. It contained an in terrorem clause wherein decedent vested the authority to construe the trust and resolve all disputes in the trustee. In September 2000, decedent amended the trust by naming plaintiff, his daughter-in-law, as successor trustee, this time listing specific distributions for defendant, his sister, with his children and grandson as beneficiaries.

By June 2001, decedent became unable to care for himself. At defendant's urging, he moved from his home in Texas to reside with defendant in New York in lieu of being placed in a nursing home or other residential facility; he was placed in residential care within seven months of his arrival. Within one month of

the time that he moved to New York, decedent substantially altered the distribution of his assets under the trust and his will. As here relevant, defendant was made his successor trustee, his personal representative and his attorney-in-fact. Eight months later, while decedent was recuperating in an assisted living facility, defendant became the trustee and the sole director of one of decedent's companies. Shortly thereafter, all of decedent's assets were placed in the trust, with defendant its sole beneficiary; the trust was now made irrevocable. Decedent died in April 2003.

Plaintiff commenced this action seeking a declaration that the original trust, naming plaintiff as successor trustee, was in full force and that all appointments, amendments and affidavits are of no effect because defendant used fraud, duress and undue influence upon decedent to make these changes. Plaintiff also sought the imposition of a constructive trust. Defendant moved to dismiss the complaint alleging, among other things, that res judicata and collateral estoppel barred this action and that plaintiff lacked capacity. Supreme Court denied that motion, as well as defendant's later motion for, among other things, recusal. Defendant appeals both orders.

Plaintiff attempted to resolve these claims on two prior occasions.* As neither of these prior judgments reflect a resolution on the merits, the principles underlying both res judicata (*see Chen v Fischer*, 6 NY3d 94, 100 [2005]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Kinsman v Turetsky*, 21 AD3d 1246, 1246-1247 [2005], *lv denied* 6 NY3d 702 [2005]) and collateral estoppel (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]) have no preclusive effect (*see Miller Mfg. Co. v Zeiler*, 45 NY2d 956, 958 [1978]; *see also Matter of Coleman v Coleman*, 1 AD3d 833, 834 [2003]).

Supreme Court properly determined that the in terrorem clause of the trust did not preclude this claim under these circumstances. Although these clauses are enforceable, they are not favored and are strictly construed (*see Matter of Ellis*, 252 AD2d 118, 127 [1998], *lv denied* 93 NY2d 805 [1999]). Recognizing that courts will, in construing a living trust, seek to honor the settlor's intent unless, among other things, it is contrary to

---

* In 2003, plaintiff, "as Successor Trustee under the Herbert C. Oakes Living Trust," brought an action against defendant in Supreme Court which was dismissed due to plaintiff's lack of capacity because she was "not now successor trustee." In April 2004, plaintiff brought an action in federal court, "[i]ndividually, as Successor Trustee . . . [a]s [a]ssignee of Herbert C. Oakes, Jr., Baile Vinson Oakes, and as [g]uardian of Leopold Vinson Oakes," which was dismissed, without prejudice, for lack of subject matter jurisdiction.

public policy (*see Matter of Gilbert*, 39 NY2d 663, 666 [1976]), Supreme Court correctly concluded that both the timing and circumstances underlying the complete alteration of the trust and decedent's other assets, all to the exclusion of his children and grandchildren, warranted its intervention in furtherance of public policy (*see* EPTL 3-3.5 [b] [3] [B]; *First Natl. Bank of Hamden v Kaufman*, 58 AD2d 668, 669 [1977]; *cf. Matter of Cagney*, 293 AD2d 675, 675-676 [2002]; *see also Matter of Ellis*, *supra* at 120; *Matter of Bargellini*, 7 Misc 3d 1001[A], 2005 NY Slip Op 50390[U], *1-2 [2005]).

With no basis to challenge Supreme Court's discretionary determination to deny the motion made by defendant for its recusal (*see People v Moreno*, 70 NY2d 403, 405-406 [1987]; *People v Mabry*, 27 AD3d 835, 836-837 [2006]), we affirm both orders.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.

