In the Matter of the Estate of JOSEPH SINGER, Deceased. VIVIAN SINGER, Respondent; ALEXANDER SINGER, Appellant. [859 NYS2d 727]—

In a probate proceeding in which the executor, Vivian Singer, petitioned pursuant to SCPA 1420 to construe the in terrorem provisions set forth in "article sixth" of the will of Joseph Singer, which was admitted to probate by a decree dated May 19, 2005, the appeal is from (1) an order of the Surrogate's Court, Kings County (Lopez-Torres, S.), dated August 3, 2007, and (2) an amended order of the same court dated September 6, 2007, which granted the petition, determined that Alexander Singer violated the in terrorem provisions of "article sixth" of the will, and revoked his bequest under the will.

Ordered that the appeal from the order dated August 3, 2007 is dismissed, as that order was superseded by the amended order dated September 6, 2007; and it is further,

Ordered that the amended order dated September 6, 2007 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The Surrogate's Court properly determined that the appellant's conduct in deposing the testator's former attorney regarding drafts of prior wills violated the in terrorem clause set forth in "article sixth" paragraph 6 (A) and 6 (B) of the will. The in terrorem clause prohibited an "attempt to contest" the will "in any manner" (see Matter of Ellis, 252 AD2d 118, 128 [1998]). Furthermore, the act of deposing the testator's prior attorney was not protected under the safe harbor provisions set forth in EPTL 3-3.5 and SCPA 1404, which, inter alia, allow only the deposition of attesting witnesses, the attorney who prepared the will, and where, as here, the will contains an in terrorem clause, "the nominated executors in the will and the proponents" (SCPA 1404 [4]; see EPTL 3-3.5 [b] [3] [D]). The testator's former attorney did not fall within any of those categories. Accordingly, under the particular facts of this case, the Surrogate's Court properly granted the petition and revoked the appellant's bequest.

The appellant's remaining contention is not properly before this Court. Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.