■ RICHARD BOLES, Respondent, v HALCYONE LANHAM, Appellant. [865 NYS2d 360]—

In an action to enforce the terms and conditions of a trust agreement and to impose personal liability upon the defendant for all costs and expenses incurred by the trust as a result of the defendant's breach of fiduciary duty, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated September 25, 2007, as denied her motion to dismiss the complaint pursuant to CPLR 3211, granted the plaintiff's cross motion for partial summary judgment, determined that she acted in bad faith in failing to make distribution of trust income and principal in accordance with the terms and conditions of the trust, and directed her to make distribution of the plaintiff's beneficial share of the trust, in an amount equal to that made to two other beneficiaries, with interest from May 10, 2006.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the plaintiff's commencement of this action did not violate the "incontestability" clause of the subject trust agreement. The plaintiff's action does not assert any interest in the trust other than provided by the express terms thereof and does not contest, dispute, or call into question the validity of the trust agreement. To the contrary, the plaintiff's action seeks enforcement of the nondiscretionary directive in the trust agreement that upon the trustor's death, the defendant distribute the principal of the trust and all ac-

crued income to the designated beneficiaries, including the plaintiff.

As a fiduciary, a trustee bears the unwavering duty of complete loyalty to the beneficiaries of the trust no matter how broad the settlor's directions allow the trustee free rein to deal with the trust. The trustee is liable if he or she commits a breach of trust in bad faith, intentionally, or with reckless indifference to the interests of the beneficiaries (*see O'Hayer v de St. Aubin,* 30 AD2d 419, 423 [1968]; *see Matter of Heller,* 6 NY3d 649, 655 [2006]; EPTL 1-2.7).

Here, the plaintiff established his prima facie entitlement to partial summary judgment by demonstrating that the defendant acted in bad faith when she made distributions of the net income and principal of the trust to two beneficiaries, including herself, and refused to distribute to the plaintiff his beneficial share without justification (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In opposition, the defendant failed to raise a triable issue of fact.

The trust agreement does not require the submission of this controversy to arbitration as it involves neither the construction nor application of any of the express terms, provisions, or conditions of the unambiguous trust agreement.

The defendant's remaining contentions are without merit. Mastro, J.P., Lifson, Carni and Eng, JJ., concur. [*See* 17 Misc 3d 1106(A), 2007 NY Slip Op 51853(U).]