Feters, J.E
Appeals (1) from an order of the Supreme Court (Sherman, J.), entered April 16, 2007 in Tompkins County, which, among other things, granted plaintiffs motion to dismiss defendant’s counterclaim, and (2) from an order of said court (Garry, J.), entered October 1, 2007 in Tompkins County, which denied defendant’s motion to vacate a prior order of the court.
The underlying facts of this case are set forth in our prior decision in this matter (31 AD3d 834 [2006]). Briefly, plaintiff commenced this action seeking, among other things, a declaration that defendant used fraud, duress and undue influence upon Herbert C. Oakes to make substantial changes to his will and trust. Supreme Court denied defendant’s motion to dismiss the complaint and for recusal, and this Court affirmed (id.).
During the pendency of those motions, defendant filed an answer that included a counterclaim alleging that plaintiff violated Judiciary Law § 487 by engaging in deceit, collusion and conspiracy with, among others, Justice Sherman, the judge presiding over the action. Flaintiff moved to dismiss the counterclaim and, prior to Supreme Court ruling on the motion, defendant served judicial subpoenas on Justice Sherman and plaintiffs attorney directing them to appear as witnesses at the parties’ trial. Supreme Court (Sherman, J.) granted plaintiffs motion to dismiss defendant’s counterclaim and quashed the *1058 subpoenas. Additionally, Justice Sherman recused himself from presiding over the remainder of the action, although specifically noting that his decision to do so had nothing to do with defendant’s allegations of misconduct. Subsequently, defendant moved to vacate Supreme Court’s order, arguing, among other things, that Justice Sherman lacked jurisdiction to entertain plaintiffs motion because he was statutorily disqualified from presiding over the case. Upon review, Supreme Court (Garry, J.) denied the motion. Defendant now appeals both the order granting plaintiff’s motion to dismiss her counterclaim and the subsequent denial of her motion to vacate that order.
We begin by addressing defendant’s challenges to the dismissal of her counterclaim. Procedurally, defendant contends that Supreme Court (Sherman, J.) erred in entertaining plaintiffs motion to dismiss the counterclaim because a note of issue had already been filed and plaintiff was in default on the counterclaim due to her failure to file and serve a timely reply. We disagree. As plaintiffs motion, which sought relief under CPLR 3211 (a) (7) and/or 3212, was filed 20 days after the filing of the note of issue, it was timely under both CPLR 3211 (see CPLR 3211 [e]) and the local rule enacted by the Sixth Judicial District providing for summary judgment motions within 60 days of the filing of the note of issue (see CPLR 3212 [a]). Further, we find no support for defendant’s assertion that plaintiff was in default on the counterclaim.
Nor did Supreme Court err in dismissing defendant’s counterclaim. As relevant here, Judiciary Law § 487 provides that treble damages may be sought against “[a]n attorney or counselor who . . . [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party” (Judiciary Law § 487 [1]). This provision, however, applies to an attorney acting in his or her capacity as an attorney, not to a party who is represented by counsel and who, incidentally, is an attorney (see People v Canale, 240 AD2d 839, 841 [1997]). Here, plaintiff, a licensed attorney in Texas, has been represented by counsel at all stages of this litigation and has not acted in her capacity as an attorney.
Turning to the motion to vacate the prior order, defendant argues that Justice Sherman lacked jurisdiction to entertain plaintiffs motion to dismiss because he was personally interested in the outcome of the claim (see CPLR 5015 [a] [4]). Specifically, defendant claims that because Justice Sherman was named, among other Justices of the Supreme Court, in her counterclaim alleging collusion and conspiracy and had been served with a subpoena to testify at the trial in this action, he *1059 had an interest in the action and was therefore barred by Judiciary Law § 14 from mling on the motion.
Judiciary Law § 14 provides, in pertinent part, that “[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding ... in which he [or she] is interested.” The mere service of a witness subpoena, however, does not in and of itself disqualify a judge from continuing to preside over the action. While it is true that a judge should err on the side of disqualification where he or she may be a material witness in a matter, a claim “that the [j]udge is a material witness must be made in good faith and must be based on fact” (People v Rodriquez, 14 AD2d 917, 918 [1961]). Here, defendant explained that she intended to call Justice Sherman as a witness for the purpose of identifying a prior order in a related case and the complaint in this action, all in an effort to demonstrate that plaintiff was “lying.” Since a court is empowered to take judicial notice of its own records as well as those of the same court in another action (see Matter of Ordway, 196 NY 95, 97 [1909]; Chateau Rive Corp. v Enclave Dev. Assoc., 22 AD3d 445, 446 [2005]; Matter of Bracken v Axelrod, 93 AD2d 913, 914 [1983], lv denied 59 NY2d 606 [1983]), Justice Sherman cannot be considered a material witness for the mere purpose of testifying to the contents of court documents.
Further, Justice Sherman was not disqualified from ruling on the motion by virtue of the unsubstantiated and baseless allegations in defendant’s counterclaim that he participated in a conspiracy and collusion with plaintiff’s attorney. It has been defendant’s tendency to sue, attack, or call for the removal of any judge who does not render a decision to her liking (see e.g. People v Muka, 72 AD2d 649, 650 [1979]; Muka v New York State Bar Assn., 120 Misc 2d 897, 899 [Sup Ct, Tompkins County 1983]) and, as in those cases, there is absolutely no support in the record for defendant’s allegations of misconduct. Moreover, “[a] judge cannot be disqualified merely because a litigant sues or threatens to sue him or her. We cannot encourage such an easy method of disqualification” (Matter of New York State Assn. of Criminal Defense Lawyers v Kaye, 95 NY2d 556, 561 [2000] [citation and internal quotation marks omitted]; see People v Johnson, 115 AD2d 794, 794-795 [1985]).
To the extent that defendant challenges Supreme Court’s denial of her motion to dismiss the complaint and its interpretation of the trust, this Court has already affirmed those determinations (31 AD3d 834 [2006], supra). Consequently, the law of the case doctrine precludes relitigation of those very issues (see Bennett v Nardone, 298 AD2d 790, 790-791 [2002], Iv *1060 dismissed 99 NY2d 579 [2003]; see generally People v Evans, 94 NY2d 499, 502-504 [2000]).
Defendant’s remaining contentions have been reviewed and found to be without merit.
Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the orders are affirmed, without costs.