■ In the Matter of LAWRENCE TUMMINELLO, Appellant, v FLORENCE BOLTEN, Respondent. [873 NYS2d 731]—

In a proceeding to compel the respondent to render a final accounting as the trustee of the Fred Tumminello Trust, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated March 13, 2007, as denied the petition and granted that branch of the respondent's motion which was to dismiss the proceeding with prejudice.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the petitioner personally.

The petitioner commenced this proceeding to compel his sister, the respondent, to render a final account as the trustee of the trust that their father Fred Tumminello created on March 7, 1996 (hereinafter the Trust). The Trust provided that, upon the father's death, one third of the trust remainder was to be distributed to the petitioner, with the remaining two thirds to be distributed to the respondent. The Trust also contained an in terrorem clause under ARTICLE IX which prohibited any beneficiary from contesting the Trust or any of its provisions "in any manner, directly or indirectly."

The respondent moved to dismiss the proceeding for lack of standing, arguing that the petitioner forfeited his interest in the Trust when he violated the in terrorem clause. The respondent contended that the petitioner violated the clause by requesting the court to declare the Trust "null and void" in a prior proceeding she commenced pursuant to CPLR article 81 to become the temporary guardian of their father's person and property (hereinafter the guardianship proceeding).

The Supreme Court properly determined that the petitioner forfeited his interest in the Trust by challenging the validity of the Trust in the guardianship proceeding (see Matter of Ellis, 252 AD2d 118, 128 [1998]; cf. Matter of Singer, 52 AD3d 612 [2008]; Matter of Cagney, 293 AD2d 675 [2002]). The documentary evidence belies the petitioner's various contentions to the contrary. The petitioner clearly attacked the validity of the Trust in direct contravention of the settlor's apparent intention to prevent such actions by including an in terrorem clause (see Matter of Ellis, 252 AD2d at 127-128).

The petitioner's remaining contention is without merit. Skelos, J.P., Dillon, Santucci and Covello, JJ., concur. [See 2007 NY Slip Op 30234(U).]