■ In the Matter of the Estate of Seymour Cohn, Deceased. Paula Ann Hallman, Appellant; Mark Bosswick et al., Respondents. [899 NYS2d 233]—

Order, Surrogate's Court, New York County (Kristin Booth Glen, S.), entered on or about March 4, 2009, which, in a construction proceeding, ruled that the will's in terrorem clause would apply to a proposed proceeding to revoke the letters testamentary and letters of trusteeship issued to respondents, unanimously affirmed, with costs.

The decedent's two children, along with the two respondents, who were the decedent's legal, financial and business advisors, were named coexecutors and cotrustees in the will, and letters testamentary and letters of trusteeship were issued to all four named fiduciaries. The in terrorem clause disinherits beneficiaries who commence proceedings "to void, nullify or set aside all or any part" of the will. Petitioner in the instant construction proceeding, one of the children, inquires whether the in terrorem clause would apply to a proceeding pursuant to SCPA 711 to revoke the letters issued to respondents based on their failure "to have divulged to the Decedent the benefits that they would receive by virtue of acting as executors and trustees." As

the proposed proceeding does not fall within the safe harbor provisions of EPTL 3-3.5 (b), the applicability of the in terrorem clause is a matter of the decedent's intent (*see Matter of Singer*, 13 NY3d 447, 451 [2009]). We reject petitioner's argument that because the decedent bequeathed his estate only to his children and grandchildren, and gave nothing to respondents, he must have intended to limit the scope of the in terrorem clause to challenges against his family members. The decision of decedent not to leave his estate outright to his children and grandchildren, but set up lifetime trusts for their benefit, is consistent with an intent that they not have unfettered control over his fortune. Such an intention would be furthered by the nomination of two nonfamily members as coexecutors and cotrustees, preventing the children from having a majority vote.

Petitioner also contends that even if the testator intended the in terrorem clause to operate with respect to the proposed proceeding, public policy considerations dictate that it not be enforced. This argument assumes that the safe harbor provisions of Estates, Powers and Trusts Law § 3-3.5 (b) are not exhaustive. Although a recent decision of the Court of Appeals expressly so states (*Matter of Singer*, 13 NY3d 447, 449, 452 [2009]), that statement appears to be dictum as the Court held that the testator did not intend the clause to operate on account of the conduct of his son (*id.* at 452-453). In any event, we reject petitioner's additional argument on the ground that a judicial expansion of the safe harbor provisions specified by the Legislature should originate with the Court of Appeals rather than with the trial or intermediate appellate courts. We have considered petitioner's other arguments and find them to be unavailing. Concur—Nardelli, J.P., McGuire, Acosta, Freedman and Román, JJ.·