■ In the Matter of JANEY MANKIN, Deceased. BETH SIRCHIO, Petitioner; HOWARD MANKIN, Respondent/Third-Party Petitioner-Respondent. LEWIS S. MELTZER, Third-Party Respondent-Appellant. [930 NYS2d 79]—

Beth Sirchio, a coexecutor of the estate of her late mother (hereinafter the decedent), petitioned pursuant to SCPA 2103 and 2104 to direct her brother and coexecutor Howard Mankin, along with four family businesses, including the retail clothing store known as Aaron's Fifth Avenue, Inc. (hereinafter Aaron's), to deliver to her money in their possession, custody, or control which allegedly belonged to the estate. The disputed money derived from loans in the approximate amount of $1,216,064, which the decedent periodically made to Aaron's as a cotrustee of an inter vivos trust settled by her late husband (hereinafter the trust), of which the decedent was a beneficiary and which the decedent frequently funded with bank loans and mortgage proceeds. The petition alleged that, in addition to other acts of malfeasance, Mankin permitted the decedent to make the loans to Aaron's, the shares and assets of which were bequeathed to him upon the decedent's death, despite the fact that the business was failing and the loans to Aaron's depleted the principal of the trust to the detriment of the estate and to Sirchio's detriment in her capacity as an equal beneficiary of the trust remainder.

The decedent and her attorney Lewis B. Meltzer acted as the cotrustees of the trust until the trust terminated upon the decedent's death. The trust agreement contained a provision (hereinafter the exculpatory clause) which recited that "[n]o trustee shall be liable or responsible in any way or manner unless he [or she] shall have acted in bad faith."

After Sirchio petitioned for the turnover of assets allegedly disbursed from the trust, Mankin commenced a third-party proceeding against Meltzer, the cotrustee of the trust, asserting a single cause of action for common-law indemnification for any liability imposed on Mankin in connection with the disbursement of trust assets. After joinder of issue, Meltzer moved, inter alia, for summary judgment dismissing the third-party petition, arguing that the exculpatory clause barred Mankin from seeking indemnification from him. The Surrogate's Court denied the motion. We affirm.

A trustee, as a fiduciary, is bound by a duty of undivided and undiluted loyalty to the beneficiaries whose interests the fiduciary is appointed to protect (see EPTL 1-2.7; Matter of Heller, 6 NY3d 649, 655 [2006]; Birnbaum v Birnbaum, 73 NY2d 461, 466 [1989]; Boles v Lanham, 55 AD3d 647, 648 [2008]). "While the essential ingredient of a trust is the accountability of the trustee, exculpatory provisions . . . are valid in inter vivos trusts so long as there is some accountability, at least to the settlor" (Bauer v Bauernschmidt, 187 AD2d 477, 478-479 [1992]

[citation omitted]). Nevertheless, "a trustee bears the unwavering duty of complete loyalty to the beneficiaries of the trust no matter how broad the settlor's directions allow the trustee free rein to deal with the trust" (*Boles v Lanham*, 55 AD3d at 648). "No matter how broad [an exculpatory] provision may be, the trustee is liable if he [or she] commits a breach of trust in bad faith or intentionally or with reckless indifference to the interests of the beneficiaries, or if he [or she] has personally profited through a breach of trust" (*O'Hayer v de St. Aubin*, 30 AD2d 419, 423 [1968]) [internal quotation marks omitted]).

Here, Meltzer failed to make a prima facie showing of his entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). At his deposition, Meltzer acknowledged that he failed to keep any books or records for the trust, did not review any records of the trust, if any such records existed, and could not recall if any loans were made to the decedent from the trust. Meltzer acknowledged that he was aware that money was transferred into and out of the trust, but never asked the decedent about the nature of the transfers, and he never reviewed the trust's checking account records or financial statements. Under the circumstances, the evidence submitted by Meltzer on his motion revealed the existence of a triable issue of fact as to whether he committed a breach of trust intentionally or with reckless indifference to the interests of the ultimate beneficiaries of the trust remainder (*see Birnbaum v Birnbaum*, 73 NY2d at 466; *Boles v Lanham*, 55 AD3d at 648; *O'Hayer v de St. Aubin*, 30 AD2d at 423). Accordingly, the Surrogate's Court properly denied Meltzer's motion, inter alia, for summary judgment dismissing the third-party petition.

In light of our determination, Meltzer's remaining contention has been rendered academic. Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.