Matter of Neva M. Strom Irrevocable Trust III (2022 NY Slip Op 01356)





Matter of Neva M. Strom Irrevocable Trust III


2022 NY Slip Op 01356


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

532102
[*1]In the Matter of the Neva M. Strom Irrevocable Trust III. Elisabeth Mahoney, as Successor Trustee of the Neva M. Strom Irrevocable Trust III, Respondent; Neva D. Strom, Appellant, and Dina F. Grant, Respondent.

Calendar Date:January 6, 2022

Before:Garry, P.J., Clark, Aarons and Colangelo, JJ.

Law Office of Eric J. Warner, LLC, New York City (Eric J. Warner of counsel), for appellant.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Malcolm B. O'Hara of counsel), for Elisabeth Mahoney, respondent.
Breedlove & Noll, LLP, Queensbury (Brian H. Breedlove of counsel), for Dina F. Grant, respondent.



Garry, P.J.
Appeal from an order of the Surrogate's Court of Warren County (Hall Jr., S.), entered August 12, 2020, which granted petitioner's motion determining that respondent Neva D. Strom violated a provision of the trust.
Neva M. Strom (hereinafter the grantor) created the Neva M. Strom Irrevocable Trust III, naming Paul E. Pontiff as the trustee [FN1] and her daughters, respondent Neva D. Strom (hereinafter Strom) and respondent Dina F. Grant, as beneficiaries. Shortly before her death, the grantor transferred her house in New Jersey to the trust and the proceeds from the sale of the house were subsequently deposited into the trust. The trust agreement contains an in terrorem clause wherein any beneficiary who challenges any of the terms of the trust forfeits any dispositions therein. The trustee filed an order to show cause in Surrogate's Court seeking a determination that Strom violated the trust's in terrorem clause based upon, among other things, engaging in discovery to invalidate the trust in separate probate proceedings regarding the grantor's will. Surrogate's Court granted the trustee's order to show cause in its entirety, finding that Strom violated the in terrorem clause. Strom appeals.
Generally, although in terrorem clauses — also known as no contest clauses — are enforceable, "they are not favored and must be strictly construed" (Matter of Singer, 13 NY3d 447, 451 [2009] [internal quotation marks, brackets and citation omitted]; see Oakes v Muka, 31 AD3d 834, 835 [2006]; Matter of Ellis, 252 AD2d 118, 127 [1998], lv denied 93 NY2d 805 [1999]). The "paramount consideration" in construing these types of clauses is to effectuate the intent of the decedent or grantor and the purpose of the trust (Matter of Singer, 13 NY3d at 451; see Matter of Sochurek, 174 AD3d 908, 910 [2019]; Matter of Prevratil, 121 AD3d 137, 146 [2014]; Matter of Ellis, 252 AD2d at 127-128). No statute governs in terrorem clauses with respect to trusts, as opposed to wills; nevertheless, statutes and case law pertaining to wills are instructive. In that context, "[d]espite the presence of an in terrorem clause in a will, EPTL 3-3.5 provides that certain conduct by a beneficiary will not result in forfeiture — specifically, as relevant here, '[t]he preliminary examination, under SCPA 1404, of a proponent's witnesses, the person who prepared the will, the nominated executors and the proponents in a probate proceeding' (EPTL 3-3.5 [b] [3] [D]). Under the SCPA, these individuals 'may be examined as to all relevant matters which may be the basis of objections to the probate of the propounded instrument' (SCPA 1404 [4])" (Matter of Singer, 13 NY3d at 451-452).
The no contest clause here provides that, "[a]s a condition of receiving any and all dispositions, bequests, devises, or other provisions under this Agreement (hereinafter referred to as 'dispositions'), a beneficiary shall not, directly or indirectly, for any cause or reason whatever, institute, abet, take part [*2]or share, directly or indirectly, in any action or proceeding to impeach, impair, set aside or invalidate any of the terms of this Agreement (hereinafter referred to as 'contest the terms of this Trust'), . . . and if any such beneficiary does contest the terms of this Trust, the Grantor directs that any dispositions to or for the benefit of such beneficiary shall be forfeited and pass under this Trust as if such beneficiary had predeceased me without leaving issue surviving me. It is the Grantor's intent that the forfeiture provisions set forth in this Article shall be limited only by the specific provisions for discovery set forth in EPTL Section 3-3.5 and SCPA Section 1404 and any attempt to broaden the discovery beyond what is specifically authorized in those sections shall result in forfeiture."
The underlying purpose of SCPA 1404 and EPTL 3-3.5 is to further "the public policy of ensuring that wills are genuine and valid before they are admitted to probate" (Matter of Singer, 13 NY3d at 453). In proceedings seeking probate of a will executed by the grantor, Strom filed affidavits in which she questioned whether the grantor's house had been lawfully and properly transferred to the trust and, therefore, whether the trust may fail due to being unfunded. She also sought and obtained discovery from and depositions of numerous individuals who were involved in the sale of the house, which had no connection to the probate of a will. This discovery went beyond what is authorized by those statutes, in violation of the grantor's intent as explicitly expressed in the no contest clause (see Matter of Ellis, 252 AD2d at 132-133; see also Matter of Cohn, 72 AD3d 616, 616-617 [2010], lv denied 15 NY3d 706 [2010]). Strom's submission of those affidavits and pursuit of that discovery constituted, at minimum, indirectly taking part in a proceeding seeking to impair or invalidate the terms of the trust. As noted by Surrogate's Court, Strom consistently disputed the validity of the sale of the house, and contended that it should have been an asset of the grantor's estate even though the house was possibly the trust's only, or at least primary, asset (compare Matter of Peters, 132 AD3d 1250, 1252 [2015]). Accordingly, the court correctly determined that Strom violated the in terrorem clause and concluded that she forfeited any disposition to her under the trust (see Matter of Singer, 13 NY3d at 454 [Graffeo, J., concurring]; Matter of Ellis, 252 AD2d at 127-128; see also Matter of Tumminello v Bolten, 59 AD3d 727, 728 [2009]).
Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.



Footnotes

Footnote 1: During the pendency of this appeal, the trustee died and a successor trustee was appointed.