Dybalski v The Cortright Family Irrevocable Trust Dated July 12, 2007, Judith Varga, Individually & As Trustee of The Cortright Family Irrevocable Trust Dated July 12, 2007 (2022 NY Slip Op 06354)

Dybalski v The Cortright Family Irrevocable Trust Dated July 12, 2007, Judith Varga, Individually & As Trustee of The Cortright Family Irrevocable Trust Dated July 12, 2007

2022 NY Slip Op 06354

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

725 CA 21-00893

[*1]CHRISTY LEE DYBALSKI, PLAINTIFF-RESPONDENT,
v
THE CORTRIGHT FAMILY IRREVOCABLE TRUST DATED JULY 12, 2007, JUDITH VARGA, INDIVIDUALLY AND AS TRUSTEE OF THE CORTRIGHT FAMILY IRREVOCABLE TRUST DATED JULY 12, 2007, ROGER BROWN, DIANNE BROWN, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

LIPPES MATHIAS LLP, BUFFALO (THOMAS J. GAFFNEY OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (FRANK J. JACOBSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered June 11, 2021. The order denied the motion of defendants-appellants to dismiss plaintiff's complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action seeking, inter alia, a judgment declaring the beneficial interests in The Cortright Family Irrevocable Trust dated July 12, 2007 (Trust), defendants-appellants (defendants) appeal from an order denying their motion to dismiss the complaint against them pursuant to CPLR 3211 (a) (1). We affirm.
Contrary to defendants' contention, we conclude that Supreme Court properly denied the motion. On a motion to dismiss pursuant to CPLR 3211, the court must "liberally construe the complaint . . . , and accept as true the facts alleged in the complaint and any submissions in opposition to the dismissal motion . . . [The court must] also accord plaintiff[] the benefit of every possible inference . . . Dismissal under CPLR 3211 (a) (1) is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002] [internal quotation marks omitted]).
Defendants moved to dismiss the complaint against them on the grounds that plaintiff violated the in terrorem clause of the Trust Agreement, thereby forfeiting her interest in the Trust property, and that plaintiff's claims are defeated by Section 3.06 of the Trust Agreement. Although "in terrorem clauses are enforceable, they are not favored and [must be] strictly construed" (Matter of Singer, 13 NY3d 447, 451 [2009], rearg denied 14 NY3d 795 [2010] [internal quotation marks omitted]; see Matter of Neva M. Strom Irrevocable Trust III, 203 AD3d 1255, 1256 [3d Dept 2022]). "The paramount consideration in construing these types of clauses is to effectuate the intent of the decedent[s] or grantor[s] and the purpose of the trust" (Neva M. Strom Irrevocable Trust III, 203 AD3d at 1256 [internal quotation marks omitted]; see Singer, 13 NY3d at 451). "[T]he trust instrument is to be construed as written and the [settlors'] intention determined solely from the unambiguous language of the instrument itself" (Golden Gate Yacht Club v Société Nautique de Genève, 12 NY3d 248, 255 [2009] [internal quotation marks omitted]; see Massey-Hughes v Massey, 200 AD3d 1684, 1686 [4th Dept 2021]). Here, defendants have not established that plaintiff violated the in terrorem clause of the Trust [*2]Agreement, because, contrary to defendants' contention, "plaintiff's action does not assert any interest in the [T]rust other than provided by the express terms thereof and does not contest, dispute, or call into question the validity of the [T]rust [A]greement" (Boles v Lanham, 55 AD3d 647, 647 [2d Dept 2008]). To the contrary, plaintiff's action seeks enforcement of paragraph one of Section 3.06 of the Trust Agreement, which limits the grantors' "power to appoint all or any portion of the principal and undistributed income" to the grantors' lineal descendants alone. We reject defendants' contrary interpretation of Section 3.06 (see generally Cece & Co. Ltd. v U.S. Bank N.A., 153 AD3d 275, 281 [1st Dept 2017]). We conclude that defendants failed to conclusively establish that the language of the Trust Agreement was a complete defense to plaintiff's claims as a matter of law.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court