Matter of Biondo (2023 NY Slip Op 01796)

Matter of Biondo

2023 NY Slip Op 01796

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-08723

[*1]In the Matter of the Estate of Sally Biondo, deceased. Jack Biondo, petitioner-respondent; Salvatore Biondo, objectant-appellant. (File No. 385244/15)

DePinto Faldetta, LLP, Smithtown, NY (David J. DePinto of counsel), for objectant-appellant.
Sweeney, Reich & Bolz, LLP, Lake Success, NY (Gerard J. Sweeney of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding for an accounting of the Estate of Sally Biondo, Salvatore Biondo appeals from an order of the Surrogate's Court, Nassau County (Terence P. Murphy, S.), dated April 19, 2021. The order, insofar as appealed from, granted the motion of Jack Biondo pursuant to CPLR 3211(a)(3) to dismiss Salvatore Biondo's objections to the petition for lack of standing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Some the relevant facts underlying this appeal are set forth in this Court's decision and order in a related appeal (see Matter of Biondo, _____ AD3d _____ [Appellate Division Docket No. 2020-01842; decided herewith]).
Pursuant to the last will and testament of Sally Biondo (hereinafter the decedent), dated April 22, 2015, which was admitted to probate, the decedent's assets were to be distributed in accordance with a trust agreement, also dated April 22, 2015, which provided for the distribution of certain property to, among others, each of the decedent's two sons, Jack Biondo (hereinafter the petitioner) and Salvatore Biondo (hereinafter the objectant). The trust agreement contained an in terrorem clause providing that "[t]he gifts in this Trust are made on the express condition that none of the beneficiaries shall oppose or contest the validity of this Trust in any manner," and that "[a]ny beneficiary who contests the validity of this Trust . . . shall automatically forfeit whatever gift he or she would have been entitled to receive under the terms of this Trust."
In December 2017, the petitioner, as preliminary executor of the decedent's estate, filed a petition for an accounting of the estate. In March 2019, the objectant filed objections to the petition. Thereafter, the petitioner moved pursuant to CPLR 3211(a)(3) to dismiss the objections for lack of standing. In support of the motion, the petitioner argued that the objectant had forfeited his interest in any property to be distributed under the trust by contesting the validity of the trust, thereby triggering the application of the in terrorem clause in the trust agreement. In an order dated April 19, 2021, the Surrogate's Court, inter alia, granted the motion. The objectant appeals.
"In terrorem clauses, although not favored and strictly construed, are enforceable" (Matter of Ellis, 252 AD2d 118, 127; see Matter of Singer, 13 NY3d 447, 451). "The cardinal rule of construction of . . . an in terrorem clause[ ] is to carry out the intent of the testator" (Matter of Ellis, 252 AD2d at 127 [citations omitted]; see Matter of Singer, 13 NY3d at 451-452; Matter of Tumminello v Bolten, 59 AD3d 727, 728). Further, a person who has no interest in an estate lacks standing to object to an accounting of the estate (see Matter of Berlin, 135 AD3d 746, 749; Matter of Vaughn, 267 AD2d 763, 763-764).
Here, during the probate proceeding at issue on the related appeal, the attorney for the objectant made an oral application to amend the objections to probate of the will so as to add objections to the trust, and the Surrogate's Court denied that application. Thus, the objectant contested the validity of the trust, in contravention of the decedent's apparent intention to prevent such conduct by including an in terrorem clause prohibiting a beneficiary under the trust from contesting the validity of the trust "in any manner" (see Matter of Neva M. Strom Irrevocable Trust III, 203 AD3d 1255, 1257; Matter of Tumminello v Bolten, 59 AD3d at 728; Matter of Ellis, 252 AD2d at 127).
Accordingly, the Surrogate's Court properly granted the petitioner's motion to dismiss the objections for lack of standing.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court