Carlson v Colangelo (2023 NY Slip Op 05709)

Carlson v Colangelo

2023 NY Slip Op 05709

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2022-01840
 (Index No. 50095/19)

[*1]Kristine M. Carlson, appellant,
v
Crissy Colangelo, etc., et al., respondents.

McCarthy Fingar LLP, White Plains, NY (Frank W. Streng and Irma K. Nimetz of counsel), for appellant.
Piscionere & Nemarow, P.C., Rye, NY (Anthony G. Piscionere and Michael J. Konicoff of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated March 2, 2022. The order granted the defendants' motion for summary judgment dismissing so much of the complaint as related to certain real property and an income stream set forth in paragraph 6(b) of the trust agreement for the Donald P. Dempsey Revocable Trust and, in effect, declaring that the plaintiff is not entitled to the income stream set forth in paragraph 6(b) of the trust agreement for the Donald P. Dempsey Revocable Trust, and for an award of attorneys' fees, and denied the plaintiff's cross-motion for summary judgment on the first cause of action, in effect, on so much of the fourth cause of action as related to the real property and the income stream set forth in paragraph 6(b) of the trust agreement for the Donald P. Dempsey Revocable Trust, and declaring that she is entitled to the income stream set forth in paragraph 6(b) of the trust agreement for the Donald P. Dempsey Revocable Trust.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for an award of attorneys' fees, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In January 2019, the plaintiff commenced this action against the defendant Crissy Colangelo, individually and as trustee of the Donald P. Dempsey Revocable Trust, and the defendant Dempsaco, LLC (hereinafter Dempsaco), to enforce provisions of the trust agreement which she alleged bequeathed certain real property to her and provided a stream of income to her. The plaintiff sought, inter alia, declarations that she is entitled to an income stream set forth in paragraph 6(b) of the trust agreement and "is a 50% member of Dempasco" and a full accounting of the operations of Dempsaco. The trust agreement contained an in terrorem clause, extinguishing the rights of any challenger who contested the distribution of Dempsey's assets in any way.
The defendants moved for summary judgment dismissing so much of the complaint as related to the real property and the income stream and, in effect, declaring that the plaintiff is not entitled to the income stream, and for an award of attorneys' fees, contending that the plaintiff had triggered the in terrorem clause in the trust agreement. The plaintiff opposed the motion and cross-moved for summary judgment on the first cause of action, in effect, on so much of the fourth cause of action as related to the real property and the income stream, and declaring that she is entitled to [*2]the income stream. In an order dated March 2, 2022, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
Although they are not favored and must be strictly construed, "[i]n terrorem clauses . . . are enforceable" (Matter of Ellis, 252 AD2d 118, 127; see Matter of Singer, 13 NY3d 447, 451). "No statute governs in terrorem clauses with respect to trusts, as opposed to wills; nevertheless, statutes and case law pertaining to wills are instructive" (Matter of Neva M. Strom Irrevocable Trust III, 203 AD3d 1255, 1256; see Matter of Tumminello v Bolten, 59 AD3d 727, 728). "The cardinal rule of construction of a will and, concomitantly, of an in terrorem clause, is to carry out the intent of the testator" (Matter of Ellis, 252 AD2d at 127; see Matter of Singer, 13 NY3d at 451; Matter of Tumminello v Bolten, 59 AD3d at 728). "The intention must be gathered from all of the surrounding circumstances and the writings interpreted according to the purpose which the parties had in mind" (Matter of Cook, 244 NY 63, 69; see Matter of Ellis, 252 AD2d at 128).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as related to the real property and the income stream and, in effect, declaring that the plaintiff is not entitled to the income stream. The defendants' submissions in support of their motion demonstrated that the plaintiff contested the distribution of Dempsey's interest in Dempsaco in violation of the in terrorem clause (see Matter of Tumminello v Bolten, 59 AD3d at 728). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as related to the real property and the income stream and, in effect, declaring that the plaintiff is not entitled to the income stream.
However, the Supreme Court erred in granting that branch of the defendants' motion which was for an award of attorneys' fees. "Under the American rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (Sage Sys., Inc. v Liss, 39 NY3d 27, 30-31 [internal quotation marks omitted]; see Matter of Lillian G. [Steven G.-Gary G.], 208 AD3d 871, 874). "The American rule is intended to increase free access to the courts for those who would otherwise be discouraged from seeking judicial redress of wrongs for fear of having to pay a defendant's attorney's fees" (Sage Sys., Inc. v Liss, 39 NY3d at 31 [internal quotation marks omitted]). Here, the defendants failed to establish the existence of an agreement between the parties, statute, or court rule authorizing an award of attorneys' fees in this case (cf. SCPA 2302; Matter of Greatsinger, 67 NY2d 177, 181). To the extent that the court or the defendants relied upon the terms of the trust agreement for the provision of an award of attorneys' fees, the plaintiff was not a party to the agreement but was merely a beneficiary.
In light of our determination, the plaintiff's remaining contentions have been rendered academic.
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court