Askari v McDermott, Will & Emery, LLP (2025 NY Slip Op 02897)

Askari v McDermott, Will & Emery, LLP

2025 NY Slip Op 02897

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2021-09238
 (Index No. 606862/15)

[*1]Kevin Askari, et al., appellants, 
v
McDermott, Will & Emery, LLP, et al., respondents.

James Sawyer, Jericho, NY, for appellants.
Elman Freiberg PLLC, New York, NY (Howard I. Elman and Yelena Rapoport of counsel), for respondent McDermott, Will & Emery, LLP.
Holland & Knight LLP, New York, NY (Stosh M. Silivos of counsel), for respondent Oncomed Speciality, LLC.

DECISION & ORDER
In an action for replevin, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated December 3, 2021. The order, insofar as appealed from, denied the plaintiffs' motion pursuant to CPLR 3025(b) for leave to serve a supplemental and amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs, Kevin Askari and Sina Drug Corp. (hereinafter Sina), commenced this action for replevin in 2015, seeking to direct the defendant McDermott, Will & Emery, LLP (hereinafter the LLP), to deliver its files to the plaintiffs relating to restructuring transactions in which the LLP acted as counsel and the defendant Oncomed Specialty, LLC (hereinafter Specialty), was the surviving postmerger corporate entity. In an order entered May 3, 2016, the Supreme Court, inter alia, granted the separate cross-motions of the LLP and Specialty for summary judgment dismissing the complaint insofar as asserted against each of them, and this Court reversed that order on appeal (see Askari v McDermott, Will & Emery, LLP, 179 AD3d 127).
In May 2021, the plaintiffs moved pursuant to CPLR 3025(b) for leave to serve a supplemental and amended complaint, seeking, among other things, to assert a cause of action sounding in breach of fiduciary duty and conversion and requesting attorneys' fees as compensatory damages, as well as punitive damages. By order dated December 3, 2021, the Supreme Court, inter alia, denied the plaintiffs' motion. The plaintiffs appeal.
"Leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit" (Cirillo v Lang, 206 AD3d 611, 612). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (Civil Serv. Empls. Assn. v County of Nassau, 144 AD3d 1075, 1076 [internal quotation marks omitted]). "'In exercising its discretion, the court should [*2]consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered'" (Yong Soon Oh v Hua Jin, 124 AD3d 639, 640, quoting Cohen v Ho, 38 AD3d 705, 706).
Here, the plaintiffs failed to provide a reasonable excuse for their delay of nearly 6 years after the complaint was filed and 18 months after the order entered May 3, 2016, was reversed by this Court in moving for leave to serve a supplemental and amended complaint (see Ofman v Bluestone, 227 AD3d 822, 824). Furthermore, the proposed amendment is palpably insufficient to demonstrate that the plaintiffs are entitled to an award of attorneys' fees in the absence of any agreement between the parties, statute, or court rule, and where the plaintiffs were not involved in an earlier litigation with a third party (see Hunt v Sharp, 85 NY2d 883, 885-886; Carlson v Colangelo, 221 AD3d 773, 775-776, lv granted 41 NY3d 908). The plaintiffs' allegations regarding their claim for punitive damages are also palpably insufficient to demonstrate that the defendants' conduct evinced a high degree of moral culpability or constituted willful or wanton negligence or recklessness (see Buccigrossi v Glatman, 214 AD3d 696, 696-697).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion pursuant to CPLR 3025(b) for leave serve a supplemental and amended complaint (see Civil Serv. Empls. Assn. v County of Nassau, 144 AD3d at 1076).
In light of our determination, the parties' remaining contentions need not be reached.
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court