Babakhanov v Diaz Austin Assoc., L.P. (2025 NY Slip Op 03032)

Babakhanov v Diaz Austin Assoc., L.P.

2025 NY Slip Op 03032

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-08886
 (Index No. 719561/20)

[*1]Arsen Babakhanov, plaintiff, 
v
Diaz Austin Associates, L.P., defendant third-party plaintiff-respondent, et al., defendants; Yakov Vaynshteyn, third-party defendant-appellant.

Mestechkin Law Group, P.C., Brooklyn, NY (Oleg A. Mestechkin, Wing K. Chiu, and Nancy Lam of counsel), for third-party defendant-appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Queens County (David Elliot, J.), dated November 3, 2021. The order denied the third-party defendant's motion for summary judgment dismissing the third-party complaint.
ORDERED that the order is affirmed, with costs.
In 2016, the plaintiff commenced this action to recover damages for personal injuries that he sustained in a workplace accident that occurred on premises owned by the defendant third-party plaintiff, Diaz Austin Associates, L.P. (hereinafter the landlord), and leased to the defendant VYG Group 1, Inc. (hereinafter the tenant). In January 2019, the landlord commenced a third-party action against the tenant's president, Yakov Vaynshteyn (hereinafter the guarantor), seeking indemnification and contribution against him in his individual capacity based upon a "'Good Guy' Guaranty" (hereinafter the guaranty) that he had executed along with the tenant's lease. In November 2019, while the main action remained pending, the tenant assigned the lease of the subject premises to Versailles Palace, LLC. The lease assignment included, inter alia, a provision stating that "[u]pon satisfaction of all conditions of this Agreement listed in the paragraph herein below and full execution and delivery of this Agreement by all the parties hereto [the tenant] is fully released of any liability and responsibility of the Lease" (hereinafter the release provision).
In an order dated March 25, 2021, the Supreme Court, among other things, denied the guarantor's pre-answer motion to dismiss the third-party complaint. Shortly thereafter, the guarantor filed a third-party answer, in which he asserted 14 affirmative defenses. The guarantor did not raise the affirmative defense of release in his pre-answer motion to dismiss or assert it in his third-party answer.
In May 2021, after the guarantor filed his third-party answer, the landlord and the plaintiff entered into settlement negotiations. Despite having been invited to participate in a settlement mediation with the plaintiff and having been informed of the landlord's intent to pursue indemnification under the terms of the guaranty, the guarantor did not participate, and did not seek leave to amend his third-party answer to assert the affirmative defense of release. The landlord settled the main action with the plaintiff in June 2021.
Thereafter, the guarantor moved for summary judgment dismissing the third-party complaint, arguing that the release provision of the lease assignment released the tenant, and therefore him as guarantor, from any indemnification obligations under the lease or the guaranty. In an order dated November 3, 2021, the Supreme Court denied the guarantor's motion. The guarantor appeals.
Parties must "plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading" (CPLR 3018[b]). This includes the affirmative defense of release (see id.). Generally, "[f]ailure to plead a defense that must be pleaded affirmatively under CPLR 3018(b) is a waiver of that defense" (GMAC Mtge., LLC v Coombs, 191 AD3d 37, 40 [internal quotation marks omitted]). However, "an unpleaded defense may serve as the basis for granting summary judgment in the absence of surprise or prejudice to the opposing party" (Sullivan v American Airlines, Inc., 80 AD3d 600, 602; see also Freed v Best, 175 AD3d 1496, 1497). "The burden of demonstrating prejudice or surprise . . . falls upon the party opposing the motion" (Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362).
Here, the landlord demonstrated that, because it already had settled with the plaintiff in reliance on the guarantor's duty of indemnification, it would be substantially prejudiced if the guarantor were permitted to belatedly raise the defense of release. Accordingly, the Supreme Court properly denied the guarantor's motion for summary judgment dismissing the third-party complaint on the basis of release (see Pellegrino v New York City Tr. Auth., 177 AD2d 554, 557; see also Civil Serv. Empls. Assn. v County of Nassau, 144 AD3d 1075, 1077).
In light of the foregoing, we need not reach the guarantor's remaining contention.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court